No. 907        Southern        Norfolk, ss.

DiPASQUA             (Jerome A. Petitti)
v. INHABITANTS OF THE TOWN OF RANDOLPH
              (Stephens & Copeland)

From the District Court of East Norfolk—Mulhall, J.

Argued April 10, 1941—Opinion Filed May 20, 1941

ESTES, J. (Sanborn, P.J., & Briggs, J.)—This is an action of contract. The first count of plaintiff's declaration alleges that he worked without vacations but did not "receive compensation for . . . vacational periods."

The second count avers that he is entitled to pay and one-half for working during vacation periods, and that he did not "receive compensation for said vacational periods."

The court made the following findings and rulings:

"It was agreed between the parties that the defendant on June 24, 1927, employed the plaintiff in the Water Department of the Town. During the period of his employment the plaintiff was paid wages averaging $28.80 per week.

On November 4, 1936, the plaintiff received an injury arising out of and in the scope of his employment. For the injury he was awarded Workmen's Compensation. When the disability received by the plaintiff from that injury terminated, the compensation was discontinued. The plaintiff thereafter was not

employed by the defendant. The plaintiff was not discharged for cause.

The plaintiff during this period of service with the defendant worked 52 weeks in each year except the last year. The work for the last year would have been for 52 weeks except for the injury the plaintiff received. During the term of the plaintiff's employment he did not receive any vacations. Each period of twelve months that the plaintiff worked ended on the twenty-third day of June each year.

On November 3, 1914, the defendant accepted an act relative to vacations to laborers employed by cities and towns (Chap. 217 of the Acts of 1914, now G. L. (Ter. Ed.) Chap. 41, sec. 111).

I rule that the plaintiff cannot recover.

I have decided to report my rulings to the Appellate Division, and if the trial court erred in its rulings, then to order judgment for the plaintiff in the sum of $515.40, if that sum has been correctly arrived at, and if not, in such amount as the Appellate Division may order. In fixing the amount of $518.40 the court took as a measure the average weekly wages the plaintiff earned. The court did not figure in this sum damages in the nature of overtime."

Those findings and rulings were made on an agreed statement of facts which apparently amounted to a case stated. The judge has reported his rulings to this division. If his rulings are correct, finding for the defendants is to stand. If it is error, finding to be ordered for the plaintiff.

1. First, considering the second count, the plaintiff argues that he is entitled to overtime pay (time and one-half) because of custom, since he worked during time that he should have had a vacation. The report does not recite the agreed statement of facts, and nothing to show the custom appears in the record. We do not take judicial cognizance of such a custom.

2. On the first count. It seems to be clear the plaintiff was entitled to vacations without loss of pay. He could have had them, or taken steps to enforce his right to have them. In 1927 it was enacted that "the department of labor and industries shall enforce this section, and shall have all necessary powers therefor," Act of 1927, c. 131. The penalty clause was not inserted until 1936. Acts of 1936, c. 242.

The defendant worked continually from June 24, 1927, to November 4, 1936. He took no action to enforce his rights to vacations. The record discloses no reason why he did not take vacations, nor does it appear that he complained, or that he previously waived his rights.

After the plaintiff in the instant case was injured in 1936 he received Workmen's Compensation. The record does not state for how long this was paid. When the "injury terminated" the compensation was discontinued, but the plaintiff was not thereafter employed by the defendant. He was not discharged for cause."

I. We are of the opinion that for each twelve months' period from June 24, 1927, to June 23, 1935, the plaintiff can-

[ 31 ]

not recover. We think that he impliedly waived his right to vacations. He worked during the time he might have had the vacations and was paid. We do not think he is entitled to additional pay.

II. After June 23, 1936, he was entitled to a vacation. He continued to work until November 4, 1936. He was still entitled to a vacation then. We do not think his period of disability deprived him of that right. We are of the opinion that he was entitled to a vacation of two weeks for having worked the preceding twelve months, and should be paid therefor.

Finding is ordered for the plaintiff and the case is remanded to the trial court for assessment of damages in accordance with this opinion.